UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANYCE COLONE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SECURIAN LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | No. 1:20-cv-18354<br><br>**OPINION** |

**APPEARANCES**:

David A. Thatcher
THATCHER PASSARELLA, PC
128 Ganttown Road
Turnersville, NJ 08012

　　*On behalf of Plaintiff.*

Melissa Lang
PILLINGER MILLER TARALLO LLP
1880 John F. Kennedy Blvd., Ste. 1803
Philadelphia, PA 19103

　　*On behalf of Defendant.*

**O'HEARN, District Judge.**

　　This matter comes before the Court on Defendant Securian Life Insurance Company's ("Defendant") Motion for Summary Judgment. (ECF No. 58). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, Defendant's Motion is **GRANTED**.

I.     **BACKGROUND**[1]

Plaintiff Janyce Colone ("Plaintiff") is the widow of the late Joseph F. Colone ("Mr. Colone" and with Plaintiff, "the Colones"), a former employee of E.I. du Pont de Nemours & Company, now known as Corteva Agriscience ("Corteva"). (Def.'s Stat. of Mat. Facts ("SOMF"), ECF No. 58, ¶¶ 1–2). As a benefit of his employment at Corteva, Mr. Colone was insured by a group term life insurance policy ("the Policy") issued by Defendant. (ECF No. 58, ¶ 2). The Policy was issued as part of an employer-sponsored benefits plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. (ECF No. 58, ¶ 3). Defendant served as the plan's fiduciary and under ERISA has the exclusive right to interpret the Policy. (ECF No. 58, ¶ 3).

Mr. Colone passed away in March 2019. (Pla.'s Supp. SOMF, ECF No. 64 at 8). After his passing, Plaintiff submitted a claim to Defendant for life insurance benefits. (Def.'s SOMF, ECF No. 58, ¶ 4). Defendant paid Plaintiff's claim to the extent she sought coverage pursuant to the Policy's retiree group life insurance terms; it denied her claim to the extent she sought supplemental benefits, finding that such coverage was no longer in force at the time of Mr. Colone's death because he had not paid necessary premium. (ECF No. 58, ¶¶ 5–6). Plaintiff appealed Defendant's decision, arguing that neither she nor her husband ever received notice of the lapse of supplemental coverage, and that had they received such notice, they would have paid the additional premium. (ECF No. 58, ¶¶ 6–7). Defendant then initiated an investigation. (ECF No. 58, ¶ 8).

---

[1] The facts set forth herein related to this Motion are undisputed unless otherwise noted. To the extent facts remain in dispute, the Court finds that they are immaterial to its legal analysis.

Upon investigating, Defendant denied Plaintiff's appeal. (ECF No. 58, ¶ 16). Defendant determined that its non-fiduciary plan administrator, Alight Solutions ("Alight"), delivered timely notices to the Colones explaining that they would need to pay premium to keep the Policy's supplemental coverage in force. (ECF No. 58, ¶¶ 11–14).[2] Defendant further concluded that Alight transmitted notices by methods reasonably calculated to provide the Colones with actual notice of the forthcoming change in coverage and what steps they would need to take to keep the Policy in force—whether or not they actually received that notice. (ECF No. 58, ¶ 8; Resp. to Pla.'s Supp. SOMF, ECF No. 65, ¶ 6). Specifically, Defendant explained that Alight sent two letters to the Colones dated December 3, 2018, and February 4, 2019, advising them of the change. (Exh., ECF No. 58-3 at 147–48). Because Alight provided necessary notice of the change by letter and the Colones did not act to keep the Policy in force, Defendant concluded that it did not need to pay Plaintiff's claim. (ECF No. 58, ¶ 16). This suit followed. (Not. of Removal, ECF No. 1).

## II. PROCEDURAL HISTORY

Plaintiff initiated this action on October 19, 2020, by filing her Complaint in the Superior Court of New Jersey, Camden County, seeking a declaratory judgment that she was entitled to the Policy's supplemental life insurance benefits and alleging Defendant's bad faith in denying those

---

[2] Plaintiff disputes Alight ever issued such notice, (Resp. to Def.'s SOMF, ECF No. 64 at 8), and contends that neither she nor her husband ever received such notice. (Pla.'s Supp. SOMF, ECF No. 64 at 9–10). However, Plaintiff did not properly respond to Defendant's assertion in its Statement of Material Facts that "Alight delivered the requisite notices[.]" (Def.'s SOMF, ECF No. 58, ¶ 14). Pursuant to Local Civil Rule 56.1(a), any party opposing summary judgment must respond to a moving party's statement of material facts not in dispute, "addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion[.]" L. Civ. R. 56.1(a). "[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." *Id.* Because Plaintiff failed to respond to Paragraph 14 of Defendant's Statement, (ECF No. 58), the fact that "Alight delivered the requisite notices" must be deemed admitted.

3

benefits. (Not. of Removal, ECF No. 1 at 16). Defendant was served with the Complaint and Summons on November 20, 2020, and promptly removed the case to this Court on December 7, 2020. (ECF No. 1). Defendant asserted in its Notice of Removal that this Court has original jurisdiction under 28 U.S.C. § 1331 because the Policy was part of an employer-sponsored benefits plan governed by ERISA. (ECF No. 1).

With Defendant's consent, (Stip. & Order, ECF No. 14), Plaintiff filed an Amended Complaint on June 1, 2021. (ECF No. 15).[3] Defendant answered on June 14, 2021, (ECF No. 18), and the parties proceeded to discovery. After a series of extensions, discovery closed on June 30, 2022. (Text Order, ECF No. 56). The present Motion for Summary Judgment followed, (ECF No. 58), to which Plaintiff responded, (ECF No. 64), and Defendant replied in further support, (ECF No. 66).

### III.   LEGAL STANDARDS

#### A. Summary Judgment

Courts may grant summary judgment when a case presents "no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists only when there is sufficient evidence for a reasonable jury to find for the non-moving party. *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 346 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

---

[3] Plaintiff's Amended Complaint added claims for negligence and breach of contract against Corteva and Alight. (ECF No. 15). The Court later dismissed these claims, but granted Plaintiff leave to amend with respect to Alight. (Orders, ECF Nos. 54–55). Despite having been granted leave, Plaintiff filed no further amended pleadings.

The moving party bears the burden of establishing that no genuine issue of material fact remains. *Id.* A fact is material only if it will affect the outcome of a lawsuit under the applicable law, and a dispute of material fact is genuine if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Id.* The nonmoving party, however, must present "more than a scintilla of evidence showing that there is a genuine issue for trial." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

### B. ERISA

Under 29 U.S.C. § 1132(a)(1)(B), participants or beneficiaries of ERISA-governed employee benefits plans may sue plan administrators or fiduciaries to recover unpaid benefits. *E.g.*, *Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 792 (3d Cir. 2010) (quoting the statute). "[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). When—as here, (Def.'s SOMF, ECF No. 58, ¶ 3)—the fiduciary has been granted such discretionary authority, courts will review a denial of benefits under an "arbitrary and capricious" or "abuse of discretion" standard. *McLeod v. Hartford Life & Acc. Ins. Co.*, 372 F.3d 618, 623 (3d Cir. 2004) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)); *Howley*, 625 F.3d at 793 n.6 (acknowledging that "arbitrary and capricious" and "abuse of discretion" may be used "interchangeably" in the ERISA context).[4]

Under the abuse of discretion standard, "[the] court is not free to substitute its own judgment for that of the [fiduciary] in determining eligibility for plan benefits." *Cato v. Unum Life*

---

[4] Although the terms may be used interchangeably, the Court will use only "abuse of discretion" to describe the applicable standard for the sake of clarity.

5

*Ins. Co. of Am.*, No. 21-10056, 2022 WL 3013085, at *8 (D.N.J. July 29, 2022) (quoting *Doroshow v. Hartford Life & Acc. Ins. Co.*, 574 F.3d 230, 234 (3d Cir. 2009)). Rather, courts will only set aside a plan fiduciary's decision "if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." *McLeod*, 372 F.3d at 623 (quotations omitted). As a result, "deference should be given to the lion's share of ERISA claims." *Cato*, 2022 WL 3013085, at *8 (quotations omitted).

### IV.   DISCUSSION

Defendant has moved for summary judgment, arguing that it did not abuse its discretion in denying payment of supplemental life insurance benefits to Plaintiff and that it is therefore entitled to judgment as a matter of law. The Court agrees and grants its Motion.

In ERISA suits under § 1132(a)(1)(B), a plaintiff bears the burden of establishing entitlement to benefits and that a claim decision constituted an abuse of discretion. *See, e.g.*, *Krash v. Reliance Standard Life Ins. Grp.*, 723 F. App'x 106, 110 (3d Cir. 2018).[5] A fiduciary abuses its discretion when its claim decision "is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Id.* at 109 (quotations omitted). "Substantial evidence" is "defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 121 (3d Cir. 2012). Analogizing to its review of denials of Social Security benefits, this Court has recognized that simply "more than a 'mere

---

[5] Plaintiff argues, relying on out-of-Circuit precedent, *Stanton v. Larry Fowler Trucking, Inc.*, 52 F.3d 723, 728–29 (8th Cir. 1995), *abrogated on other grounds by Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 969–72 (8th Cir. 2002), that Defendant bears the burden of demonstrating it complied with statutory notice requirements. (Pla.'s Br., ECF No. 64 at 4). But Plaintiff's reading of *Stanton* is mistaken. As Defendant rightly notes, (Def.'s Reply, ECF No. 66 at 3–4), *Stanton* concerned the notice requirements imposed on ERISA plans regarding the continuation of health insurance benefits under the Consolidated Omnibus Budget Reconciliation Act. *See* 29 U.S.C. § 1161 *et seq*. Those notice requirements are entirely inapplicable here, as Plaintiff's claim concerns life insurance benefits, not a health plan.

scintilla'" of evidence is sufficient under the ERISA standard. *Forchic v. Lippincott, Jacobs & Gruder*, No. 98-05423, 1999 U.S. Dist. LEXIS 21419, at *31 (D.N.J. Nov. 29, 1999) (Simandle, J.) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), *aff'd*, 262 F.3d 403 (3d Cir. 2001). At bottom, the Court must determine "whether there was a reasonable basis for [the fiduciary's] decision, based upon the facts as known to the [fiduciary] at the time." *Id.* (quoting *Smathers v. Multi-Tool, Inc./Multi-Plastics, Inc. Emp. Health & Welfare Plan*, 298 F.3d 191, 199–200 (3d Cir. 2002)).[6] It finds as much here.

ERISA requires that a "summary of any material modification in the terms of the plan . . . shall be written in a manner calculated to be understood by the average plan participant and shall be furnished in accordance with section 1024(b)(1) of this title." 29 U.S.C. § 1022(a).[7] The Secretary of Labor has further promulgated regulations interpreting these disclosure requirements:

> [T]he plan administrator shall use measures reasonably calculated to ensure actual receipt of the material by plan participants, beneficiaries and other specified individuals. Material which is required to be furnished to all participants covered under the plan and beneficiaries receiving benefits under the plan (other than beneficiaries under a welfare plan) must be sent by a method or methods of delivery likely to result in full distribution. . . . Material distributed through the mail may be sent by first, second, or third-class mail.

29 C.F.R. § 2520.104b–1(b)(1). As both the statute and the regulation indicate, the relevant question is not whether participants are *actually notified* of a material modification, but rather

---

[6] The Court's review is limited to the "evidence that was before the administrator when he made the decision being reviewed." *Fleisher*, 679 F.3d at 121 (quoting *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 440 (3d Cir. 1997), *abrogated on other grounds as recognized by Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 847 (3d Cir. 2011)); *see also Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 111 (2013) ("The Courts of Appeals have generally limited the record for judicial review to the administrative record compiled during internal review.").

[7] Section 1024(b)(1) provides that "[i]f there is a modification or change described in section 1022(a) of this title . . . , a summary description of such modification or change shall be furnished not later than 210 days after the end of the plan year in which the change is adopted to each participant, and to each beneficiary who is receiving benefits under the plan."

7

whether plan administrators or fiduciaries used methods reasonably calculated to ensure their receipt of notice. *Lettrich v. J.C. Penney Co., Inc.*, 213 F.3d 765, 770 (3d Cir. 2000). Courts have recognized that "distribution through first-class mail fulfills the disclosure obligation." *E.g.*, *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 419 (5th Cir. 2007).

On Plaintiff's appeal of the denial of benefits, Defendant determined that the plan administrator, Alight, had taken the necessary efforts as required by law to provide the Colones notice of the upcoming lapse of the Policy. (Exh., ECF No. 58-3 at 147–49). In coming to that conclusion, Defendant relied on two letters Alight reported sending to Plaintiff and her husband apprising them of the change. (ECF No. 58-3 at 147–60). These letters were addressed to Mr. Colone and are dated December 3, 2018, and February 4, 2019. (ECF No. 58-3 at 149, 153). The December 3 letter notes that Mr. Colone needed to act by March 4, 2019, if he wanted to maintain coverage. (ECF No. 58-3 at 149). The February 4 letter acknowledges that Mr. Colone had not yet acted and that coverage would sunset. (ECF No. 58-3 at 149).

What complicates this picture is the question of *how* these letters were transmitted to the Colones. The administrative record suggests that both items were sent by mail. (ECF No. 58-3 at 147). However, in a Declaration filed on behalf of Alight that Defendant attached to the present Motion, the administrator suggests that the December 3 letter was not mailed, but rather, was "delivered electronically to Mr. Colone's . . . Secure Participant Mailbox." (ECF No. 58-4, ¶ 4). The February 4 letter, the Declaration continues, was "mailed to Mr. Colone at his address of record." (ECF No. 58-4, ¶ 12).

That Defendant would attach this Declaration to its Motion at all is curious given that it argues at length that the Court must confine its review to the administrative record. (Def.'s Br., ECF No. 58-2 at 6–7). That curiosity is doubled by the fact that the Declaration directly contradicts

8

critical information in the record: its own claim decision. (ECF No. 58-3 at 147). How can the Court determine whether the methods used to provide notice to the Colones were "reasonably calculated to ensure [their] actual receipt" when Defendant can't state clearly what those methods were? However, Defendant's creation of confusion and the apparent factual discrepancies in the regard are negated by Plaintiff's failure to create any genuine issue of material fact that notice was, in some way, delivered to Plaintiff.

As noted above, *see supra* note 2, Plaintiff failed to respond to Paragraph 14 of Defendant's Statement of Undisputed Material Facts, (ECF No. 58), as required by Local Civil Rule 56.1(a). Accordingly, the Court must deem that paragraph—which states that "Alight delivered the requisite notices"—admitted for purposes of this Motion.[8] If it is admitted that "Alight delivered the requisite notices," the methods by which Alight sent them, regardless of whether Defendant has created a factual issue related thereto, must have been reasonably calculated to the Colones' receipt. This amounts to more than the "mere scintilla" required to uphold Defendant's decision. *Forchic*, 1999 U.S. Dist. LEXIS 21419, at *31.

---

[8] Even if the Court were to excuse Plaintiff's failure to respond directly to Paragraph 14 of Defendant's Statement of Material Facts as required by the Local Rules, there still would be no genuine dispute of fact that would allow her Amended Complaint to survive summary judgment. In Paragraph 13 of her Response to Defendant's Statement of Material Facts, Plaintiff simply states that she "[d]enie[s Defendant's assertion] as to delivery of Alight as to requisite notices to the decedent and the Plaintiff." (ECF No. 64 at 8). Setting aside the fact that it is not responsive to Defendant's assertion in its corresponding Paragraph 13, (Def.'s SOMF, ECF No. 58, ¶ 13), Plaintiff cites no evidence to support this denial, despite her obligation to do so, L. CIV. R. 56.1(a). Further, in her Supplemental Statement of Material Facts, Plaintiff asserts, among other things, that "notice of cancellation of the supplemental life insurance coverage was [never] issued to her or her husband," and that Mr. Colone never "received any such notification." (ECF No. 64 at 9). But the only purported evidence cited to support these assertions are the allegations in Plaintiff's Amended Complaint, which is unverified and thus not evidence. (ECF No. 64 at 9). This is plainly insufficient to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) therefore requires the nonmoving party *to go beyond the pleadings* and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." (emphasis added; quotes omitted)).

Thus, although Defendant might have been sloppy in its investigation, its denial of her claim appeal, and the submission of its Motion in this litigation, ERISA's forgiving standard and Plaintiff's admission of delivery of the requisite notice leave her without recourse. The Court must find that Defendant did not abuse its discretion in denying her appeal and that it is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment, (ECF No. 58), is **GRANTED**. An appropriate Order accompanies this Opinion.

*[Signature: Christine A. O'Hearn]*

**CHRISTINE P. O'HEARN**
**United States District Judge**